IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WESTERN NATIONAL MUTUAL INSURANCE COMPANY, a Minnesota corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PINE TREE CONSTRUCTION, LLC, a Utah limited liability company, MARGARIT NERSISIAN, an individual; and JIRAYER NERSISIAN, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING SALT LAKE CITY CORPORATION'S MOTION TO DISMISS AND WALLBOARD SPECIALTIES, INC.'S MOTION TO DISMISS AND MOTION FOR DEFAULT JUDGMENT<br><br>Case Number 2:22-CV-62 TS<br><br>District Judge Ted Stewart |
| PINE TREE CONSTRUCTION, LLC, a Utah limited liability company,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>WALLBOARD SPECIALTIES, INC., a Utah corporation, SALT LAKE CITY CORPORATION, a municipal corporation,<br><br>Third-Party Defendants. | |
| WALLBOARD SPECIALTIES, INC., a Utah corporation,<br><br>Third-Party Counterclaimant,<br><br>vs.<br><br>PINE TREE CONSTRUCTION, LLC, a Utah limited liability company,<br><br>Third-Party Counterclaim Defendant. | |

1

This matter is before the Court on a Motion to Dismiss filed by Salt Lake City Corporation (the "City) and a Motion to Dismiss and for Default Judgment filed by Wallboard Specialties, Inc. ("Wallboard"). For the reasons discussed below, the Court will grant the Motions.

On October 26, 2023, counsel for Defendant/Third-Party Plaintiff/Counterclaim Defendant Pine Tree Construction, LLC ("Pine Tree") moved to withdraw, stating that Pine Tree had not complied with the engagement agreement between them and counsel. The Court permitted counsel to withdraw.[1] The Court ordered that "[w]ithin twenty-one (21) days after the entry of this order, new counsel shall file a notice of appearance on behalf of Pine Tree Construction" and warned that "[a] party who fails to file a notice of appearance as set forth above may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment"[2] Pine Tree failed to have new counsel appear on its behalf. The City and Wallboard now move for dismissal of Pine Tree's Third-Party Complaint and Wallboard moves for entry of default against Pine Tree on its Counterclaim. Pine Tree has failed to respond to either Motion.

Federal Rule of Civil Procedure 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[3] Rule 37(b)(2)(A) referenced in Rule 16(f)(1)(c) provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;

---

[1] Counsel was also permitted to withdraw from representing Jirayer Nersisian.

[2] Docket No. 61.

[3] FED. R. CIV. P. 16(f)(1)(c).

2

 (iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[4]

When determining the proper sanction, a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[5]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[6] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction."[7] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[8] The Court considers each factor below.

---

[4] FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii).

[5] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[6] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

[7] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

[8] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka*

1. *Degree of actual prejudice to Plaintiff.*

The Court finds that the City and Wallboard have been prejudiced by Pine Tree's failure to appear through counsel and properly participate in this action. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[9] The unwillingness of Pine Tree to engage in this action has interfered with the parties' ability to obtain resolution to their claims. Further, Wallboard has provided evidence that Pine Tree's allegations are stigmatizing and could result in reputational damage. Therefore, this factor weighs in favor of dismissal and default judgment.

2. *Amount of interference with the judicial process.*

The Court finds that Pine Tree's actions have interfered with the judicial process, effectively halting the ability to proceed with this action. Not only has Pine Tree failed to appoint counsel, it has failed to respond to these Motion in any way. This clearly suggests that Pine Tree has no intention to participate any further in this matter. This factor, therefore, also weighs in favor of dismissal and default judgment.

3. *Litigant's culpability.*

Pine Tree's culpability is evident in its failure to respond to the Court despite being warned that failure to have counsel appear could result in sanctions. The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [they are]

---

*& Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[9] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that "delay would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

appropriate in cases of willful misconduct."[10] It has further defined a "'willful failure' to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[11] As noted above, Pine Tree failed to obey this Court's order requiring it to obtain counsel. Pine Tree also failed to respond to the instant Motions. The Court finds that these are intentional failures. This factor weighs in favor of dismissal and default judgment.

> 4. *Whether Court warned noncomplying litigant that default judgment was likely sanction.*

The Court has warned Pine Tree that its failure to obtain counsel could result in default judgment. This factor weighs in favor of dismissal and default judgment.

> 5. *Efficacy of lesser sanctions.*

The Court finds that any lesser sanctions would be inadequate. Pine Tree has failed to respond or participate in this litigation in any way since its counsel was permitted to withdraw and there is no indication that it intends to do so. This factor, again, weighs in favor of dismissal and default judgment. Considering all the factors above, the Court finds that dismissal and default judgment are appropriate.

It is therefore

ORDERED that the City and Wallboard's Motions (Docket Nos. 63 and 64) are GRANTED. Wallboard is directed to provide a proposed default judgment within fourteen (14) days of this Order.

---

[10] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[11] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987).

DATED this 24th day of April, 2024.

                                  BY THE COURT:

                                  _____

                                  Ted Stewart
                                  United States District Judge

6